Submitted December 19, 2016, reversed and remanded February 23, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LUKE MORGAN FRASER,
*Defendant-Appellant.*

Coos County Circuit Court
15CR0587; A160353

389 P3d 412

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

**PER CURIAM**

Defendant appeals his judgment of conviction for driving under the influence of intoxicants, ORS 813.010. He assigns error to the trial court's denial of his motion to suppress certain evidence, which asserted that the police entry into his bedroom without a warrant was unlawful under Article I, section 9, of the Oregon Constitution. He argues on appeal, as he did below, that the entry was unlawful because his father, who allowed the police to enter the closed room defendant rented from him even though defendant indicated to the police that they did not have his permission to enter, was not authorized to give consent to enter defendant's bedroom. The state concedes that, although consent is an established exception to the warrant requirement, the trial court erred because the state did not meet its burden of proving that defendant's father had actual authority to consent to the entry. *See, e.g.*, *State v. Bonilla*, 356 Or 475, 481, 366 P3d 331 (2015) ("When the state relies on consent, it must prove by a preponderance of the evidence that 'someone having the authority to do so' voluntarily gave the police consent to search the defendant's property and that any limitations on the scope of the consent were complied with." (Quoting *State v. Weaver*, 319 Or 212, 219, 874 P2d 1322 (1994).)). We agree, accept the state's concession, and reverse and remand.

Reversed and remanded.